**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YAMELY GUERRERO,**

      **Plaintiff(s),**

**v.**                                   **Case No.:**

**OB HOSPITALIST GROUP,**
**LLC, and AMERIFINANCIAL**
**SOLUTIONS, LLC,**                  **DEMAND FOR JURY TRIAL**

      **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **YAMELY GUERRERO** ("Ms. Guerrero" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint as against Defendants, **OB HOSPITALIST GROUP, LLC** ( "Debt Owner") and **AMERIFINANCIAL SOLUTIONS, LLC** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.   This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt that was discharged in Ms. Guerrero's bankruptcy in 2016.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **1** of 14

### *Jurisdiction and Venue*

2.  This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.  Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.  Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.  Plaintiff, Ms. Guerrero, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, FL, and a "consumer" as defined by 15 U.S.C. § 1692a (3) and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.  Ms. Guerrero is the regular user and subscriber of the cellular telephone number 813-***-6272, and thereby is the "called party" at that cellular telephone number as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7.  At all times material hereto, Debt Owner was and is a Florida limited liability company with its principal place of business in the state of South Carolina and its registered agent, NRAI CORPORATE SERVICES, INC., located at 1200 South Pine Island Road, Plantation, Florida 33324.

8.  At all times material hereto, Debt Collector was and is a foreign limited liability company with its principle place of business in the State of Maryland and its registered agent, CT CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, Florida 33324.

9.  Further, at all times material hereto, Defendant Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) & 15 U.S.C § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **2** of 14

10. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Guerrero's alleged debt.

11. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Guerrero's alleged debt for Debt Owner.

12. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Guerrero's information.

14. Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Guerrero's information into Debt Owner's sales or customer systems.

15. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Ms. Guerrero.

17. Under information and belief, Debt Owner had actual knowledge of Debt Collector's TCPA violations when calling Ms. Guerrero's cellular telephone line using an automatic dialer for non-emergency purposes and Debt Owner failed to stop such violations by Debt Collector.

18. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Guerrero's debt on behalf of Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **3** of **14**

### *Statements of Fact*

19. On or around March 23, 2016, Ms. Guerrero filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Middle District of Florida; see Case No.: 8:16-bk-02485-MGW ("Bankruptcy Case").

20. Ms. Guerrero had an outstanding debt ("Debt") owed to Debt Owner at the time of her Bankruptcy filing. The Debt arose from services that Debt Owner provided for Ms. Guerrero.

21. As such, Ms. Guerrero included Debt Owner in her Bankruptcy list of creditors. *See* **Exhibit A**.

22. On June 28, 2016, the Court issued an order granting Ms. Guerrero a discharge in the Bankruptcy Case ("Discharge Order"). *See* **Exhibit B**.

23. The Discharge Order terminated any rights that Debt Owner or any purported assignee of the Debt thereafter, including Debt Collector, had against Ms. Guerrero with respect to the Debt.

24. At no time did Debt Owner object to or dispute the details of the claims included in the Bankruptcy Case.

25. At no time has the Debt been declared to be non-dischargeable in bankruptcy.

26. At no time has Ms. Guerrero reaffirmed the subject Debt.

27. At all times relevant, Debt Owner and Debt Collector had actual knowledge that Ms. Guerrero was the debtor in a Chapter 7 Bankruptcy Case, that she was granted the discharge in that case, and that she was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable Bankruptcy law, specifically 11 U.S.C. § 524.

28. Debt Collector had actual knowledge of the fact that the Debt had been discharged in Ms. Guerrero's Bankruptcy Case because Debt Collector had access to all records of Debt Owner

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **4** of 14

concerning the account from which the Debt was incurred, including but not limited to records of the Bankruptcy Case.

29. Under information and belief, Debt Collector had actual knowledge of the fact that the Debt had been discharged in Ms. Guerrero's Bankruptcy because Debt Owner advised Debt Collector of this circumstance upon Debt Collector's commencement of collection activities on the Debt.

30. Despite having actual knowledge of the Discharge Order, Debt Collector sent collection letters to Ms. Guerrero in attempts to collect the Debt on behalf of Debt Owner.

31. Specifically, Debt Collector sent Ms. Guerrero a collection letter dated August 12, 2016 ("Collection Letter 1"). *See* **Exhibit C**.

32. Debt Collector simultaneously began placing weekly calls to Ms. Guerrero's cellular telephone number in attempts to collect the Debt.

33. On or around September 20, 2016, Ms. Guerrero received another collection letter ("Collection Letter 2") from Debt Collector in attempt to collect the Debt. *See* **Exhibit D**.

34. Debt Collector called Ms. Guerrero's cellular phone at least twenty (20) times during the time period from August 12, 2016 to December 30, 2016 in attempts to collect the Debt.

35. Debt Collector has also continued to send Ms. Guerrero monthly collection letters ("Collection Letters") in attempt to collect the Debt.

36. Ms. Guerrero, in her fragile state of pregnancy, has been harassed by Debt Collector's calls due to the frequency and timing of each of the calls.

37. Under information and belief, each of the telephone calls identified in Paragraph 34 were placed to Ms. Guerrero's cellular telephone number using an automatic telephone dialing system.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page 5 of 14

38. Under information and belief, Debt Collector did not place any calls to Ms. Guerrero for emergency purposes.

39. Debt Collector did not have Ms. Guerrero's express consent to make any of the telephone calls identified in Paragraph 34 to Ms. Guerrero's cellular telephone number.

40. Debt Collector has not stopped calling Ms. Guerrero nor sending her Collection Letters in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Collector)*

41. Ms. Guerrero re-alleges paragraphs 1-40 and incorporates the same herein by reference.

42. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

43. Ms. Guerrero revoked consent to have the Debt Collector call her cellular telephone number in or around March 23, 2016 when she filed for Bankruptcy and included the Debt in her Bankruptcy. The Debt was later discharged, further revoking consent for Ms. Guerrero to be contacted in attempts to collect the invalid Debt.

44. Despite this revocation of consent, Debt Collector thereafter called Ms. Guerrero at least twenty (20) times.

45. Debt Collector willfully and knowingly placed non-emergency calls to Ms. Guerrero's cellular telephone without the express consent of Ms. Guerrero.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page 6 of 14

46. Under information and belief, Debt Collector used an automatic telephone dialing system when it placed all calls to Ms. Guerrero's cellular telephone.

47. Debt Collector's phone calls harmed Ms. Guerrero by being a nuisance and invading Ms. Guerrero's privacy.

48. Debt Collector's phone calls harmed Ms. Guerrero by trespassing upon and interfering with Ms. Guerrero's rights and interests in the use of her cellular telephone.

49. Debt Collector's phone calls harmed Ms. Guerrero by trespassing upon and interfering with Ms. Guerrero's rights and interests in her cellular telephone line.

50. Debt Collector's phone calls harmed Ms. Guerrero by wasting her time.

51. Debt Collector's phone calls harmed Ms. Guerrero by causing a risk of personal injury to Ms. Guerrero due to interruption and distraction.

52. Debt Collector's phone calls harmed Ms. Guerrero by causing her additional stress during her pregnancy.

53. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **7** of 14

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

54.  Ms. Guerrero re-alleges paragraphs 1-40 and incorporates the same herein by reference.

55.  At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

56.  The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

57.  Ms. Guerrero revoked consent to have the Debt Collector call her cellular telephone number in or around March 23, 2016 when she filed for Bankruptcy and included the Debt in her Bankruptcy. The Debt was later discharged, further revoking consent for Ms. Guerrero to be contacted in attempts to collect the invalid Debt.

58.  Despite this revocation of consent, Debt Collector thereafter called Ms. Guerrero at least twenty (20) times.

59.  Debt Collector willfully and knowingly placed non-emergency calls to Ms. Guerrero's cellular telephone without the express consent of Ms. Guerrero.

60.  Under information and belief, Debt Collector used an automatic telephone dialing system when it placed all calls to Ms. Guerrero's cellular telephone.

61.  Debt Collector's phone calls harmed Ms. Guerrero by being a nuisance and invading Ms. Guerrero's privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **8** of 14

62. Debt Collector's phone calls harmed Ms. Guerrero by trespassing upon and interfering with Ms. Guerrero's rights and interests in the use of her cellular telephone.

63. Debt Collector's phone calls harmed Ms. Guerrero by trespassing upon and interfering with Ms. Guerrero's rights and interests in her cellular telephone line.

64. Debt Collector's phone calls harmed Ms. Guerrero by wasting her time.

65. Debt Collector's phone calls harmed Ms. Guerrero by causing a risk of personal injury to Ms. Guerrero due to interruption and distraction.

66. Debt Collector's phone calls harmed Ms. Guerrero by causing her additional stress during her pregnancy.

67. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

68. Ms. Guerrero re-alleges paragraphs 1-40 and incorporates the same herein by reference.

69. Ms. Guerrero is a "consumer" within the meaning of the FDCPA.

70. The subject debt is a "consumer debt" within the meaning of the FDCPA.

71. The Debt Collector is a "debt collector" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page 9 of 14

72. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated 15 U.S.C. § 1692c (a) (2) by contacting Ms. Guerrero when Debt Collector knew that Ms. Guerrero was represented by an attorney in the Bankruptcy with respect to the Debt and had knowledge of that attorney's name and address.

    b. Debt Collector violated 15 U.S.C. § 1692d (5) by causing Ms. Guerrero's cellular telephone to ring continuously with the intent to annoy, abuse, and harass the person at the called number;

    c. Debt Collector violated 15 U.S.C. § 1692e (2) (A) by falsely representing the legal status of the Debt as collectible when Debt Collector knew the Debt was uncollectable because it had been discharged in the Bankruptcy.

73. As a result of the above violations of the FDCPA, Ms. Guerrero has been subjected to illegal collection activities for which she has been damaged.

74. Debt Collector's phone calls and Collection Letters have harmed Ms. Guerrero by causing her additional stress during her pregnancy.

75. Debt Collector's phone calls and Collection Letters have harmed Ms. Guerrero by infringing upon her statutory right to not be contacted about a Debt that was discharged in her Bankruptcy.

76. It has been necessary for Ms. Guerrero to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

77. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **10** of 14

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

      a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

      b.  Awarding actual damages;

      c.  Awarding costs and attorneys' fees; and

      d.  Any other and further relief as this Court deems equitable.

### _Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

78.  Ms. Guerrero re-alleges paragraphs 1-40 and incorporates the same herein by reference.

79.  Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

      a.  Debt Collector violated Fla. Stat. § 559.72 (7) by willfully communicating with Ms. Guerrero with such frequency as can reasonably be expected to harass Ms. Guerrero by causing Ms. Guerrero's cell phone to ring continuously;

      b.  Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt when Debt Collector knew the Debt was uncollectable because it had been discharged in the Bankruptcy.

      c.  Debt Collector violated Fla. Stat. § 559.72 (18) by communicating with Ms. Guerrero when Debt Collector knew that Ms. Guerrero was represented by an attorney in the Bankruptcy with respect to the Debt and had knowledge of that attorney's name and address.

80.  As a result of the above violations of the FCCPA, Ms. Guerrero has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC_
Page **11** of 14

81. Debt Collector's phone calls and Collection Letters have harmed Ms. Guerrero by causing her additional stress during her pregnancy.

82. Debt Collector's phone calls and Collection Letters have harmed Ms. Guerrero by infringing upon her statutory right to not be contacted about a Debt that was discharged in her Bankruptcy.

83. It has been necessary for Ms. Guerrero to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

84. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

      a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

      b.  Awarding actual damages;

      c.  Awarding punitive damages;

      d.  Awarding costs and attorneys' fees;

      e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

      f.  Any other and further relief as this Court deems equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Owner)*

85. Plaintiff re-alleges paragraphs 1-40 and incorporates the same herein by reference.

86. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

87. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page 12 of 14

    a.  Debt Collector violated Fla. Stat. § 559.72 (7) by willfully communicating with Ms. Guerrero with such frequency as can reasonably be expected to harass Ms. Guerrero by causing Ms. Guerrero's cell phone to ring continuously;

    b.  Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt when Debt Collector knew the Debt was uncollectable because it had been discharged in the Bankruptcy.

    c.  Debt Collector violated Fla. Stat. § 559.72 (18) by communicating with Ms. Guerrero when Debt Collector knew that Ms. Guerrero was represented by an attorney in the Bankruptcy with respect to the Debt and had knowledge of that attorney's name and address.

88.  As a result of the above violations of the FCCPA, Ms. Guerrero has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

89.  Debt Collector's phone calls harmed Ms. Guerrero by causing her additional stress during her pregnancy.

90.  It has been necessary for Ms. Guerrero to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

91.  All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page 13 of 14

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, **YAMELY GUERRERO**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 9, 2017.**

> */s/  Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Trial Counsel for Plaintiff
> FBN:  74864
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> mike@zieglerlawoffice.com

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerrero v. OB Hospitalist Group, LLC and AmeriFinancial Solutions, LLC*
Page **14** of **14**